TOWNSEND & SMITH v. WELCH ET AL.

1. **Practice on Appeal:** MECHANIC'S LIEN: EVIDENCE WANTING.   On an appeal from a judgment foreclosing a mechanic's lien, this court cannot say that the amount found due the plaintiff was too much, when all the evidence on that point appears not to have been brought to this court.

*Appeal from Floyd District Court.*

WEDNESDAY, JUNE 22.

ACTION in equity to enforce a mechanic's lien.   Trial to the court, judgment for the plaintiff, and defendant appeals.

*J. S. Root*, for appellant.

*Ellis & Ellis*, for appellee.

SEEVERS, J.—Plaintiff is the assignee of J. G. Thompson, who is a carpenter, and as such performed work and labor for the defendant on a dwelling-house and buildings appurtenant thereto.   The question argued by counsel is as to the value of the work done by Thompson.   The petition was amended; and, as we understand, it is pleaded that Thompson did the work by the day, and from time to time as desired, and it consisted in repairing an existing building or buildings, and the agreement was that he was to be paid what it was reasonably worth.   It is stipulated that the reasonable value

of a day's labor of a carpenter, at the time and place the work was done, was $2.50 per day. The plaintiff testified to the number of days he and others in his employ worked for the defendant, and to the value of such services. He claims to have entered in a memorandum book the number of days he was so employed, and testified that the same is correct. Such book was introduced in evidence, but it is not before us. Why it has been omitted from the record we are not advised. This book was objected to by the defendants because immaterial and incompetent, and because "it is so kept that it cannot be admitted under the statute to prove an account." It is obvious that we cannot determine whether the last objection is well taken or not without an inspection of the book; and for what reason the book should be regarded as immaterial or incompetent we are not advised by counsel. It is clear and certain, therefore, that all the evidence introduced in the district court is not before us, and that we cannot, for this reason, interfere with the conclusion reached by that court. But, upon an inspection of all the evidence in the record before us, we think the case was correctly decided.

The evidence of the plaintiff, as to the number of days he worked, is not, we think, materially shaken by the evidence introduced by defendant, and we are unable to conclude that his evidence is false. He may, because of his age, have been unable to accomplish as much in a day as a younger and more active man. But if he was employed, and was to be paid, by the day, this is immaterial, unless he deceived the defendant as to his capacity. Of this there is no evidence. Besides this, they had knowledge from day to day what he accomplished, and if not satisfied they should have discharged him, or made a different contract.

The defendants introduced the evidence of three carpenters, who testified that what the plaintiff did was worth much less than he charged, and that the work could have been performed in a less number of days than the plaintiff testifies

he was occupied. This evidence cannot be regarded as controlling, for the reasons above stated, and for the further reason that it does not appear with the requisite certainty that said witnesses had knowledge of all the work done by the plaintiff. Therefore their estimate at best is not reliable.

AFFIRMED.